UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

KURELL BROWN,

                Plaintiff,

v.

JOHN DOE, Nurse Admin. of Great Meadow
Corr. Facility; SUPERINTENDENT, Great Meadow
Corr. Facility; and R. BRUNELLE, SHU Nurse at
Great Meadow Corr. Facility ,

                Defendants.
_____

9:12-CV-1346
(GTS/TWD)

APPEARANCES:

KURELL BROWN, 06-A-1186
  Plaintiff, *Pro Se*
Upstate Correctional Facility
P.O. Box 2001
Malone, New York 12953

HON. ERIC T. SCHNEIDERMAN
Attorney General for the State of New York
  Counsel for Defendants
The Capitol
Albany, New York 12224

OF COUNSEL:

ADELE M. TAYLOR-SCOTT, ESQ.
Assistant Attorney General

GLENN T. SUDDABY, United States District Judge

## DECISION and ORDER

Currently before the Court, in this *pro se* prisoner civil rights action filed by Kurell Brown ("Plaintiff") against the three above-captioned New York State correctional employees ("Defendants"), are the following: (1) Plaintiff's motion for summary judgment and entry of default; (2) a cross-motion for summary judgment filed by Defendants Racette and Brunelle; (3) United States Magistrate Judge Thérèse Wiley Dancks' Report-Recommendation recommending

that Plaintiff's motion be denied, the cross- motion of Defendants Racette and Brunelle be granted, and Plaintiff's claims against Defendant John Doe *be sua sponte* dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B); and (4) Plaintiff's Objection to the Report-Recommendation. (Dkt. Nos. 39, 46, 51, 53.) After carefully reviewing the relevant filings in this action, the Court can find no error in the Report-Recommendation, clear or otherwise: Magistrate Judge Dancks employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts. As a result, the Court accepts and adopts the Report-Recommendation for the reasons stated therein. (Dkt. No. 51.)

To the thorough and well-reasoned Report-Recommendation the Court would add only three brief points. First, as a threshold matter, the Court denies Plaintiff's motion on the ground that Plaintiff failed to include in that motion a Statement of Material Facts, as required by Local Rule 7.1(a)(3) of the Local Rules of Practice for this Court. Similarly, the Court grants Defendants' cross-motion on the ground that Plaintiff failed to adduce a response to Defendants' Rule 7.1 Statement of Material Facts, which was supported by accurate record citations. The Court notes that Plaintiff was advised of the consequences of failing to submit such a response. (Dkt. No. 46, Attach. 1.) As has often been recognized by both the Supreme Court and Second Circuit, even *pro se* litigants must obey a district court's procedural rules. *Cusamano v. Sobek*, 604 F. Supp.2d 416, 426-27 & n.4 (N.D.N.Y. 209) (Suddaby, J.) (citing cases). For this reason, this Court has often enforced Local Rule 7.1(a)(3) by deeming properly supported facts set forth in a moving party's statement to have been admitted where the nonmoving party has willfully failed to properly respond to that statement–even where the nonmoving party was proceeding *pro se* in a civil rights case. *Cusamano*, 604 F. Supp.2d at 427 & n.6 (citing cases).

Second, in any event, based on its review of the record, the Court cannot find any admissible record evidence that, during the time in question, Plaintiff did not know that he could file an appeal from a non-response to a grievance. (*See generally* Dkt. Nos. 39, 46, 49.) The Court notes that Plaintiff's Complaint does not contain such an allegation, nor is it even verified. (*See generally* Dkt. No. 1.) The Court notes also that, during the time in question, it was clear that any failure by the IGRC or the superintendent to timely respond to a grievance or first-level appeal, respectively, can–and must–be appealed to the next level, including CORC, to complete the grievance process. *See* 7 N.Y.C.R.R. § 701.6(g) ("[M]atters not decided within the time limits may be appealed to the next step."); *see also Murray v. Palmer,* 03-CV-1010, 2010 WL 1235591, at *2 & n.4 (N.D.N.Y. March 31, 2010) (collecting cases). At the time of the incident in question in July 2012, Plaintiff had been incarcerated in the New York State Department of Corrections and Community Supervision for some six years, during which time he had become an experienced grievant. (Dkt. No. 46, Attach. 3.) For these reasons, the Court dismisses Plaintiff's Complaint on the alternative ground of failure to exhaust his administrative remedies.

Third, and finally, as yet another alternative ground for dismissal, the Court finds that, based on the current record, Defendants are protected from liability as a matter of law by the doctrine of qualified immunity.

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Dancks' Report-Recommendation (Dkt. No. 51) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that Plaintiff's motion for summary judgment (Dkt. No. 39) is **DENIED**; and it is further

**ORDERED** that Defendants' cross-motion for summary judgment (Dkt. No. 46) is

**GRANTED**; and it is further

ORDERED that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED**.

The Court certifies, for purposes of 28 U.S.C. § 1915(a)(3), that any appeal taken from this Decision and Order would not be taken in good faith.

Dated: March 25, 2014
      Syracuse, New York

Hon. Glenn T. Suddaby
U.S. District Judge